JAMES L. ARRASMITH (State Bar No. 332498)
THE LAW OFFICES OF JAMES L. ARRASMITH
A Professional Law Corporation
5150 Sunrise Boulevard, Suite G-1
Fair Oaks, CA 95628
Telephone: (916) 704-3009
Email: james@jlegal.org; caseteam-338@jlegal.org

Attorney for Defendants
KENNETH W. MATTSON AND STACY MATTSON



FILED

MAR 31 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LEFEVER MATTSON, a California corporation, et al.<br><br>Debtors. | Case No.: 24-10545 CN (Lead Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>Adv. Pro. No. 26-01003 |
| In re<br><br>KS MATTSON PARTNERS, LP,<br><br>Debtor. | **DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES** |
| KS MATTSON PARTNERS, LP,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MATTSON, an individual; STACY MATTSON, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | |

Defendants Kenneth W. Mattson ("Mr. Mattson") and Stacy Mattson ("Ms. Mattson") (collectively, "Defendants"), by and through their undersigned counsel, The Law Offices of James L. Arrasmith, hereby jointly answer the Complaint for Turnover ("Complaint") filed by Plaintiff KS Mattson Partners, LP ("Plaintiff" or "KSMP") as follows:

1

## PRELIMINARY STATEMENT

Defendants deny that this is a "straightforward" turnover action. The Complaint mischaracterizes the nature of Defendants' occupancy of the property located at 3003 Castle Road, Sonoma, California 95476 (the "Property"), omits material facts regarding the long-standing caretaker arrangement pursuant to which Defendants have occupied the Property, and overstates both the legal and equitable basis for immediate turnover.

With respect to Defendant Stacy Mattson specifically, the Complaint fails to adequately distinguish her individual position from that of Mr. Mattson. Ms. Mattson is not a debtor in any bankruptcy proceeding, is not subject to any criminal indictment, and holds substantial rights as a 49% limited partnership interest holder in Plaintiff. Her continued occupancy of the Property is supported by independent equitable and legal grounds, including her partnership interest, her participation in the caretaker arrangement, and the absence of any adjudicated basis for treating her occupancy as unlawful. As to both Defendants, the claims are subject to substantial legal and factual defenses, including but not limited to: the existence of a caretaker arrangement providing lawful non-monetary consideration for continued occupancy; the value of services rendered by Defendants to the estate; procedural deficiencies in the notices served upon Defendants; and the constitutional and equitable rights of Defendants with respect to their home and these proceedings.

## ANSWERS TO SPECIFIC ALLEGATIONS

Defendants respond to the numbered paragraphs of the Complaint as follows. Unless expressly admitted, all allegations are denied. Where a response states, "Defendants deny," both Mr. Mattson and Ms. Mattson deny the allegation. Where appropriate, Defendants note where a particular defendant's response differs.

## I. PRELIMINARY STATEMENT (¶¶ 1–8)

1. The allegations in paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that 11 U.S.C. § 542(a) speaks for itself and deny any characterization inconsistent with the statutory text.

2

Case: 26-01003   Doc# 5   Filed: 03/31/26   Entered: 03/31/26 15:54:33   Page 2 of 15

THE LAW OFFICES OF JAMES L. ARRASMITH

A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

2. Defendants admit that the Property is located at 3003 Castle Road, Sonoma, California, and that Plaintiff seeks turnover of the Property. Defendants deny that this action is "straightforward," deny that Defendants lack any right to continued occupancy, deny that Defendants have "refused repeated requests to relinquish possession" without legitimate legal basis, and deny all remaining allegations in paragraph 2. With respect to Ms. Mattson specifically, the Complaint's framing of Defendants as simply a spouse occupying estate property ignores Ms. Mattson's independent legal interests as a 49% limited partner and her active participation in the caretaker arrangement that supported the occupancy.

3. Defendants admit that criminal proceedings are referenced in the record of related criminal case No. 3:25-cr-00126-CRB-1. Defendants deny that victim statements from a criminal detention hearing constitute established or binding facts in this adversary proceeding. Defendants further deny that any such statements provide an independent legal basis for turnover under § 542(a). Defendant Stacy Mattson specifically notes that she has not been charged with any crime, is not a debtor in any bankruptcy proceeding, and the allegations against Mr. Mattson in criminal proceedings do not establish liability or factual findings adverse to her in this action. Defendants otherwise lack sufficient knowledge or information to admit or deny the specific victim statements quoted and therefore deny the same.

4. Defendants deny the allegations in paragraph 4 to the extent they characterize Defendants' conduct as mere resistance or refusal. Defendants avers that they sought to negotiate in good faith and identified legitimate legal defenses to Plaintiff's demands, including the existence of a long-standing caretaker arrangement and the defective nature of the notices served.

5. Defendants lack sufficient knowledge or information to admit or deny Plaintiff's internal deliberations regarding the automatic stay and therefore deny the allegations in paragraph 5.

///

3

DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

6. Defendants deny the allegations in paragraph 6 to the extent they characterize Defendants' conduct as "resistance over resolution." Defendants avers that they engaged in good faith efforts to reach a consensual resolution and raised legitimate legal defenses to defective notices and the improper imposition of cash rent obligations without Court approval.

7. Defendants deny that their continued occupancy of the Property is without legal justification or that it constitutes unlawful commandeering of estate property. Defendants further deny that their occupancy is causing unnecessary harm to creditors when weighed against the substantial services Defendants have provided to the Property.

8. Defendants deny that turnover under § 542(a) is legally required under the circumstances alleged and deny all remaining allegations in paragraph 8.

## II. JURISDICTION AND VENUE (¶¶ 9–12)

9. Defendants admit that this Court has jurisdiction over adversary proceedings pursuant to 28 U.S.C. §§ 157 and 1334. Defendants reserve the right to contest whether this is properly a "core" proceeding as to Defendant Stacy Mattson, who is not a debtor or party to any pending bankruptcy case.

10. Defendants admit that venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

11. Defendants admit that this proceeding is commenced pursuant to FRBP 7001(a) and 11 U.S.C. § 542. Defendants deny that § 542(a) mandates turnover under the facts alleged.

12. Defendants take no position at this time on Plaintiff's consent to entry of a final order by the Bankruptcy Court. Defendants reserve all rights with respect to the constitutional authority of this Court to enter a final judgment, particularly as to Defendant Stacy Mattson, who is not a debtor and has not consented to the Bankruptcy Court's entry of a final judgment against her.

4

DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

### III. THE PARTIES (¶¶ 13–16)

13. Defendants admit the allegations in paragraph 13 regarding Plaintiff's status as a California limited partnership and debtor in possession in Case No. 24-10715, and that the partnership interests are held as described, including that Stacy Mattson holds a 49% limited partnership interest in Plaintiff.

14. Mr. Mattson admits that he resides at 3003 Castle Road, Sonoma, California 95476. Mr. Mattson admits that criminal proceedings are pending in United States District Court Case No. 3:25-cr-00126-CRB. Mr. Mattson admits that he is a debtor in the chapter 7 case captioned In re Kenneth W. Mattson, Case No. 24-10714. Mr. Mattson denies that the mere existence of criminal charges establishes any liability or adverse factual finding in this adversary proceeding. Ms. Mattson has no response to the allegations in paragraph 14 as they do not pertain to her.

15. Defendant Stacy Mattson admits that she is an individual who resides at the Property together with Mr. Mattson, and that she is married to Mr. Mattson. Ms. Mattson denies that her status as an "insider" within the meaning of 11 U.S.C. § 101(31) provides a basis for turnover of the Property or extinguishes her independent legal rights as a 49% limited partner of Plaintiff. Ms. Mattson avers that her partnership interest is a significant and legally cognizable asset that bears directly on the equities of any turnover order in this action. Ms. Mattson specifically denies any implication in paragraph 15 or elsewhere in the Complaint that her occupancy of the Property is improper, unlawful, or without legal basis.

16. Defendants lack sufficient knowledge or information regarding the allegations pertaining to Does 1 through 20 and therefore deny the same.

### IV. BACKGROUND FACTS (¶¶ 17–48)

17. Defendants admit that the bankruptcy cases referenced arose in connection with proceedings related to LeFever Mattson. Ms. Mattson specifically denies any allegation or implication that she participated in, facilitated, or had knowledge of any fraud alleged against Mr. Mattson. No factual findings regarding any alleged fraud have been adjudicated

DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO
COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES

Case: 26-01003   Doc# 5   Filed: 03/31/26   Entered: 03/31/26 15:54:33   Page 5 of 15

in any proceeding, and Defendants deny the characterization of the underlying conduct as established fact.

18. Defendants admit that involuntary petitions for relief under chapter 11 were filed on or about November 22, 2024, with respect to both Plaintiff and Mr. Mattson.

19. Defendants admit that an order for relief was entered in Plaintiff's chapter 11 case and that Robbin L. Itkin was appointed as Plaintiff's Responsible Individual, effective June 16, 2025. Defendants deny any implication that the Responsible Individual's appointment constitutes a finding adverse to either Defendant in this proceeding.

20. Defendants admit that Mr. Mattson's personal bankruptcy case was converted to chapter 7 and that Janina M. Hoskins was appointed as chapter 7 trustee on September 24, 2025. Defendants deny any remaining allegations in paragraph 20 to the extent inconsistent with the official court record. Ms. Mattson notes that she has no personal bankruptcy case and is not a debtor in any proceeding.

21. Defendants admit that title to the Property is vested in Plaintiff and that Plaintiff acquired the Property in or about August 2021. Defendants deny that legal title, standing alone, establishes entitlement to immediate turnover under § 542(a) given the existence of Defendants' caretaker arrangement and Ms. Mattson's independent legal interests.

22. Defendants admit that the Property is a luxury residence of approximately 6,000 square feet situated on approximately 50 acres in Sonoma County.

23. Defendants lack sufficient knowledge or information regarding Plaintiff's anticipated listing price and deny Plaintiff's characterization of the fair market rental value as dispositive. Defendants aver that any such rental value fails to account for the substantial non-monetary consideration provided by Defendants in the form of caretaker and maintenance services.

24. Defendants admit that they have resided at and been in continuous possession of the Property since prior to the commencement of these bankruptcy proceedings.

6

Case: 26-01003   Doc# 5   Filed: 03/31/26   Entered: 03/31/26 15:54:33   Page 6 of 15

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

25. Defendants DENY the allegations in paragraph 25. Defendants affirmatively aver that their occupancy of the Property is and has been pursuant to a long-standing caretaker arrangement under which Defendants provided full-time maintenance, property management, and fire mitigation services in lieu of cash rent, with an annual value of approximately $80,000, equivalent to the compensation previously paid to the professional caretaker whom Defendants replaced in 2023. This arrangement was known to and acquiesced in by Plaintiff's Responsible Individual and is reflected in the parties' course of conduct.

26. Defendants DENY the allegations in paragraph 26. Defendants aver that the caretaker and property management services provided since at least June 16, 2025 were provided as non-monetary consideration for their continued occupancy, were accepted or acquiesced in through the parties' court of conduct, and directly benefited the estate.

27–30. Defendants admit that Plaintiff and Plaintiff's agents communicated with Defendants and prior defense counsel regarding the Property. Defendants deny that Defendants failed to meaningfully engage in negotiations or acted in bad faith. Ms. Mattson notes that communications on her behalf were undertaken through counsel and reflected legitimate legal positions, not obstruction.

31. Defendants admit that the Bankruptcy Court entered the Stay Relief Order on December 15, 2025, and admit the general terms of Paragraph 2 of that Order. Defendants deny Plaintiff's characterization of the Stay Relief Order as providing unlimited authorization for all remedies to the exclusion of Defendants' valid legal defenses, and deny that the Order extinguishes the caretaker arrangement or any of Defendants' legal rights.

32. Defendants deny that this action is "expressly authorized" by the Stay Relief Order without limitation and aver that the Stay Relief Order does not eliminate Defendants' substantive legal defenses.

33–35. Defendants admit that Plaintiff caused service of a Notice of Change in Terms of Tenancy on or about December 20, 2025, and a residential Rental Agreement purporting to establish a $20,000 per month tenancy effective January 20, 2026. Defendants

7

Case: 26-01003   Doc# 5   Filed: 03/31/26   Entered: 03/31/26 15:54:33   Page 7 of 15

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

DENY that these notices were legally valid or enforceable. Defendants aver that no lawful cash rent baseline existed because their occupancy was pursuant to a non-monetary caretaker arrangement; accordingly, any unilateral attempt to impose a cash-rent tenancy without Court approval was improper.

36. Defendants admit that a 3-Day Notice to Pay Rent or Quit was served on or about January 24, 2026. Defendants DENY that this notice was legally valid. The notice was defective because: (a) no lawful rent obligation existed; (b) the unilateral change in tenancy terms was improper; and (c) the amount demanded was not a lawful rent obligation cognizable under California law. Ms. Mattson further denies that the 3-Day Notice validly created any default as to her, including because Plaintiff ignores her asserted 49% partnership interest in Plaintiff and her separate defenses to possession.

37. Defendants admit that they did not pay $20,000 or surrender possession of the Property in response to the defective 3-Day Notice. Defendants deny that failure to comply with a void notice constitutes a legal default.

38–42. Defendants admit that prior defense counsel sent a letter dated January 29, 2026, to PURE Property Management and Plaintiff's counsel, asserting legal objections to the notices and the existence of the caretaker arrangement. Defendants DENY that the assertions in that letter were "newly minted" or "unsupported." Defendants aver that the caretaker arrangement has existed for years, was known to Plaintiff's agents, and is supported by the parties' course of conduct. Defendants further deny Plaintiff's characterization of the Stay Relief Order as foreclosing state-law defenses, and aver that the Order's plain language does not direct that all occupancy disputes proceed exclusively by turnover action.

43–45. Defendants admit that Plaintiff served a 60-Day Notice of Termination of Tenancy on or about February 2, 2026, purporting to terminate occupancy effective April 4, 2026. Defendants admit that counsel exchanged counterproposals. Defendants deny that they failed to engage in good faith and deny that any impasse was solely attributable to Defendants' conduct. Ms. Mattson notes that any termination of tenancy purportedly

8

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

effective April 4, 2026 has not extinguished her independent legal rights, and that an order of the Bankruptcy Court terminating her right to occupy the Property must comply with applicable due process requirements.

46. Defendants DENY the allegations in paragraph 46. Defendants aver that their continued occupancy is pursuant to the caretaker arrangement and is not without legal justification. Ms. Mattson additionally avers that her 49% partnership interest in KSMP gives her an independent equitable basis for continued occupancy that has not been addressed or adjudicated.

47. Defendants DENY the allegations in paragraph 47. Defendants aver that any difficulty in marketing the Property is not solely attributable to their occupancy and that Defendants' ongoing maintenance and stewardship of the Property has preserved its value for the benefit of the estate. Defendants further aver that an orderly, consensually arranged vacatur would serve the estate's interests better than forced immediate turnover, which would leave the 50-acre property unmanaged.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that turnover is required under 11 U.S.C. § 542(a) given the legally cognizable defenses set forth herein.

## V. FIRST CLAIM FOR RELIEF – Turnover Under 11 U.S.C. § 542(a) (¶¶ 49 et seq.)

49. Defendants incorporate their responses to all preceding paragraphs as if fully set forth herein.

50. Paragraph 50 quotes the text of 11 U.S.C. § 542(a), which speaks for itself. No further response is required. To the extent a response is required, Defendants admit the quoted statutory text but deny that § 542(a) requires turnover under the facts and circumstances of this case.

9

DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

Case: 26-01003   Doc# 5   Filed: 03/31/26   Entered: 03/31/26 15:54:33   Page 9 of 15

51 et seq. Defendants DENY each and every remaining allegation in the First Claim for Relief, and deny that Plaintiff is entitled to any of the relief requested, including but not limited to: an order directing immediate turnover of the Property; any award of compensation for use and occupancy at $20,000 per month or any other amount; any award of attorneys' fees or costs; or any other legal or equitable relief set forth in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without shifting any applicable burden of proof, Defendants assert the following affirmative defenses. Defendants reserve the right to amend, supplement, or withdraw any affirmative defense as discovery and investigation proceed. Unless indicated otherwise, each defense is asserted on behalf of both Defendants jointly. Certain defenses are asserted separately on behalf of Defendant Stacy Mattson, as noted.

## FIRST AFFIRMATIVE DEFENSE – Lawful Right to Possession / Caretaker Arrangement *(Both Defendants)*

Defendants' occupancy of the Property is, and has been at all relevant times, pursuant to a valid and enforceable caretaker arrangement under which Defendants provided full-time property maintenance, management, and fire mitigation services in lieu of monetary rent. The annual value of these services is approximately $80,000, equivalent to the salary previously paid to the professional caretaker Defendants replaced in 2023. This arrangement was known to and acquiesced in by the Responsible Individual and Plaintiff's agents. Accordingly, Defendants are not in possession of the Property without right, and turnover under § 542(a) is not warranted.

## SECOND AFFIRMATIVE DEFENSE – Stacy Mattson's Independent Partnership Interest *(Defendant Stacy Mattson)*

Defendant Stacy Mattson holds a 49% limited partnership interest in Plaintiff, KS Mattson Partners, LP. That interest constitutes a legally cognizable ownership stake in the

10

Case: 26-01003   Doc# 5   Filed: 03/31/26   Entered: 03/31/26 15:54:33   Page 10 of 15

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

THE LAW OFFICES OF JAMES L. ARRASMITH

A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

entity that holds title to the Property. Any order compelling Ms. Mattson to vacate or surrender possession of the Property must account for her independent equitable and legal interests as a 49% owner of the entity that is the nominal Plaintiff in this action. Plaintiff cannot both invoke Ms. Mattson's insider status to characterize her occupancy as improper while simultaneously ignoring her substantial ownership interest in the entity that holds title. An order of turnover as against Ms. Mattson individually, without adjudication of her partnership rights, would be inequitable and legally deficient.

### THIRD AFFIRMATIVE DEFENSE – Offset / Equitable Setoff for Services Rendered *(Both Defendants)*

To the extent any monetary obligation is found to be owed by Defendants to the estate arising from their occupancy of the Property, such obligation is subject to equitable setoff and/or offset for the fair market value of the caretaker and maintenance services provided by Defendants to the Property. These services have inured to the benefit of the estate by preserving, maintaining, and protecting a valuable asset. Defendants are entitled to credit for all such services in an amount to be determined at trial.

### FOURTH AFFIRMATIVE DEFENSE – Defective and Void Notices *(Both Defendants)*

Plaintiff's pre-litigation notices, including the December 2025 Notice of Change in Terms of Tenancy and the January 2026 3-Day Notice to Pay Rent or Quit, were legally defective and void. No lawful cash rent baseline existed from which Plaintiff could lawfully demand $20,000 per month; the unilateral imposition of new tenancy terms without Court approval was improper; and the notices failed to comply with applicable California law. Plaintiff cannot rely on these defective notices to establish the predicate for turnover.

### FIFTH AFFIRMATIVE DEFENSE – Failure to State a Claim *(Both Defendants)*

The Complaint fails to state a claim upon which relief can be granted under 11 U.S.C. § 542(a) because Defendants possess legally cognizable interests in the Property arising from both the caretaker arrangement and Ms. Mattson's independent partnership

11

DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO
COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES

interest, and the Complaint fails to establish that Defendants hold the Property without any colorable claim of right, and therefore fails to state a claim for turnover under 11 U.S.C. § 542(a) on the facts alleged.

## SIXTH AFFIRMATIVE DEFENSE – Equitable Defenses / Waiver and Estoppel *(Both Defendants)*

Plaintiff, through the conduct of its Responsible Individual, agents, and predecessors, acquiesced in and accepted the benefit of Defendants' caretaker arrangement and permitted Defendants to continue occupying the Property in reliance upon that arrangement. Plaintiff is estopped from now denying the existence or validity of the arrangement and has waived any right to claim that Defendants' occupancy was unauthorized.

## SEVENTH AFFIRMATIVE DEFENSE – Laches *(Both Defendants)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff and its predecessors were aware of Defendants' occupancy and the caretaker arrangement for an extended period and failed to take timely action, thereby inducing Defendants to continue providing services and to rely upon the arrangement to their detriment.

## EIGHTH AFFIRMATIVE DEFENSE – Unjust Enrichment *(Both Defendants)*

To the extent Plaintiff seeks to recover use and occupancy charges at $20,000 per month while simultaneously retaining the benefit of the substantial caretaker and maintenance services provided by Defendants, without crediting those services, Plaintiff's claimed recovery would constitute unjust enrichment and is not recoverable in equity.

## NINTH AFFIRMATIVE DEFENSE – Due Process *(Both Defendants)*

To the extent Plaintiff seeks immediate turnover of the Property as Defendants' primary residence without affording adequate procedural protections, such relief would implicate Defendants' due process rights under the Fifth Amendment of the United States Constitution. With respect to Ms. Mattson specifically, she is not a debtor, has not

12

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jilegal.org

DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES

consented to final adjudication by the Bankruptcy Court, and any order dispossessing her of her home must comply with the full requirements of due process, including appropriate notice and opportunity to be heard. Any turnover order must be tailored to provide reasonable transition time and protect both Defendants' constitutional interests.

### TENTH AFFIRMATIVE DEFENSE – Non-Debtor Status of Stacy Mattson / Limits on Bankruptcy Court Jurisdiction *(Defendant Stacy Mattson)*

Defendant Stacy Mattson is not a debtor in bankruptcy and has not voluntarily invoked the jurisdiction of the Bankruptcy Court. The Bankruptcy Court's authority to enter a final order against Ms. Mattson, a non-debtor third party, is constitutionally and statutorily limited. *See Stern v. Marshall*, 564 U.S. 462 (2011). Ms. Mattson reserves all rights to challenge the Bankruptcy Court's authority to enter a final judgment against her and to demand adjudication by an Article III court.

### ELEVENTH AFFIRMATIVE DEFENSE – No Criminal or Fraud Findings Against Stacy Mattson *(Defendant Stacy Mattson)*

Ms. Mattson has not been charged with any crime, named in any criminal indictment, or found liable for any fraud in any adjudicated proceeding. The Complaint's repeated references to the alleged fraud perpetrated by Mr. Mattson and the harm suffered by creditors do not establish any basis for relief against Ms. Mattson individually. The Court should not impute to Ms. Mattson any liability, wrongdoing, or adverse inference based solely on her marital relationship to Mr. Mattson.

### TWELFTH AFFIRMATIVE DEFENSE – Reservation of Rights *(Both Defendants)*

Defendants reserve the right to assert additional affirmative defenses as facts are developed through discovery and further investigation.

///
///
///

13

Case: 26-01003   Doc# 5   Filed: 03/31/26   Entered: 03/31/26 15:54:33   Page 13 of 15

THE LAW OFFICES OF JAMES L. ARRASMITH
A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

THE LAW OFFICES OF JAMES L. ARRASMITH

A PROFESSIONAL LAW CORPORATION
5150 Sunrise Boulevard, Suite G-1 Fair Oaks, CA 95628
TELEPHONE: (916) 704-3009 | EMAIL: james@jlegal.org

## PRAYER FOR RELIEF

WHEREFORE, Defendants KENNETH W. MATTSON AND STACY MATTSON, if applicable respectfully request that:

1. Plaintiff take nothing by way of its Complaint;

2. The Complaint be dismissed with prejudice;

3. Judgment be entered in favor of Defendants;

4. Defendants be awarded their costs of suit and, where permitted, reasonable attorneys' fees; and

5. The Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

March 22, 2026

**THE LAW OFFICES OF JAMES L. ARRASMITH**

*James L. Arrasmith*

James L. Arrasmith
Attorney for Defendants
KENNETH W. MATTSON AND STACY MATTSON

14

# CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT

Unless all parties to the case, including you, are electronic filers, you must serve each document you file by sending or delivering it to the opposing side. Complete this form and include it with the document that you file and serve.

1. **Case Name:** KS MATTSON PARTNERS, LP, ___ v. KENNETH W. MATTSON, et al. ___

2. **Case Number:** 26-01003 ___

3. **What documents were served?** Write the full name or title of the document(s)
   DEFENDANTS KENNETH W. MATTSON AND STACY MATTSON'S ANSWER TO ___
   COMPLAINT FOR TURNOVER; AFFIRMATIVE DEFENSES ___

4. **How was the document served?** Check one:

   ☒ Placed in U.S. Mail

   ☐ Hand-delivered

   ☐ Sent for delivery (e.g., FedEx, UPS)

   ☐ Sent via email [if the other party has agreed to accept service by email]

5. **Who did you send the document to?** [Write the full name and contact information for each person you sent the document.]

   Richard L. Wynne, Attorney for Plaintiff ___          **HOGAN LOVELLS US LLP**
                                                          1999 Avenue of the Stars, Suite 1400
                                                          Los Angeles, California 90067

6. **When were the documents sent?** ___ 03/23/2026

7. **Who served the documents?** [Whoever puts it into the mail, emails, delivers, or sends for delivery should sign, and print their name and address. You can do this yourself.]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: *Renae Orcutt* ___

Name: Renae Orcutt ___

Address: 5150 Sunrise Blvd., Suite G-1, Fair Oaks, CA 95628 ___